*2012 Interview*

*Give training record    *Give 3 cases that I printed

It took me 2 years to get comfortable with the A/F job. Then in 2004 the 1st stage of the impound program took off. Myself and a couple others took it upon ourselves to take it from the ground up. More impounds were added in in '05 + '06. Since the program was implimented, we've collected approx. $4,300,000.00 and impounded over 12,000 vehs. Both Asset Forfeiture and Impounds run smoothly. I've worked very hard to create and maintain the success. Anyone who knows me, knows if I put my name on a part of something, then I have ownership in it. I'm pretty sure the record will bear that out. I love my job and what I do. I have a passion for being committed to striving for excellance in all aspects of forfeiture and impounds. I bring several things to the table: My knowledge and experience. My training which consists of over 3000 hours. Almost 500 hours is directly related to the Asset Forfeiture position. i have extremely strong connections in the business community from banks, lein holders, land lords, State Police, US Marshalls, prosecutors, A/F lawmakers + trainers, other agencies, local businesses, DEA, FBI, A/F headquarters in Washington DC, city hall, circuit cleark, county clerk, recorder of deeds, judges, supervisor of assessments, tow companies, A/F section in Springfield, Cilco, Dist. 150, Dries, IDOT, IRS, Legal, Meg, Nextel, jail, post office, probation, public aid, purchasing, auction company, Sec of State, and others that I can't think of off the top of my head. Ironically, with many of these places, I have made friendships with strong bonds that i see "outside" of work. Additionally, I bring to the table...My passion for the job, my work ethic, my honesty, my thoroughness, my pain staking efforts to make sure things are done legally and precise. I'm still ambitious and tenacious and love to investigate numbers and money. Investigations I handle, include but are not limited to: *Asset Forfeiture basic money nexus to drugs *Money Laundering Article and criminal enterprise *Public Aid fraud circumventing earnings reporting *Relation-Back Doctrine (? on time) *Nominee owners *Innocent owners -where I created a cert. ltr. empowering banks to repo. *Criteria for Lis Pendens *Statutory presumptions *Along with what it takes to prove facilitating money crimes *Net worth analysis *Bank Secrecy Act -CTR + SAR *"Stay" forfeitures (delay for dispo. crim.) *Bank back log investigation *Article 36 seizures *765ILCS5/124b forfeitures *Abandoned money *Burdens of evidence forfeitures, civ. state, crim. state, fed court *Negligent entrustment *Implied transfer of consent *Bank seizure warrants *Bond seizure warrants *Vehicle seizure warrants *Safe Dep. box search warrants *Even seizure warrants for stocks. I'm working on becoming an expert nationally as a CSAR - Certified Specialist in Asset Recovery. I'm well versed on: *Administrative seizures + forfeitures *Adopted Seizures + forfeitures *Thresholds for state + fed assets *Requirements for 4-64's and DAG 71's *How to fix Access for functional audits *How to change impounds/seized money forms with case law *I created a lengthy financial affidavit for money investigations *I set case law in federal court as an expert w/ testimony re: veh. in forfeiture *I understand the laws, rules +regulations that apply on all different types of forfeitures *I also handle the expenditures of forfeitures abiding by state + fed laws *I handle the audits for city, state + federal monies *I handle the encumbrances *I handle the Confidential Service Program *I take care of fleet paperwork *I can't take any credit for moving the det. cars + traffic cars off the lot - because Jr ... I am additionally well versed on: *purchase orders *memo's to various dept's re: monies *equitable shares *wrecked fleet + insurance claims *the history, changes, proceedures, lawsuits, operations, hearings, money and all other parts of the impoundment program. All audits as well. *All sensative timelines *Declarations of forfeiture *Award letters *Federal agreements *AF General orders 200.12 (which needs updated) *forfeitue of prop *720ILCS 570/505 *Peoria City Code Sec. 34-42) *veh. forf. Art. 36 *General order 400.24 ((which also needs updated) *Access program *Excel program *Word program *+YouTube blocks out a noisy office. To give you an idea - the last asset forf. officer had 2000 cases in 9 years + was responsible for approx. $2,000,000 in assets. I've handled over 3000 cases so far totalling over $6,668,241.04. It means more paperwork, more phone calls and more expenditures. Currently working a source of bond case w/ Deb Shelby, where Stevie Linwood bonded out with $100,000 in cash. I just got done

working a Back bank log case on Brandon Smith where my financial analysis will be used for the criminal trial. The forf. was already successful.  I've never once blown off a forfeiture or was neglignet in any case.  I have a "never give up attitude" when I'm in an investigation.  Every rock gets overturned until I'm satisfied every avenue has been exhausted.  My strengths are: trouble shooting and problem solving. I have taught and shared our programs with dozens of agencies. I've shown them how to get a thread of information and take off digging into the facts to build a strong case.  My integrity for 21 years remains the same as when I was hired.  As we all know, I've has a very challenging last 2 years both professionally and personally.  By the Grace of God I'm here today.  I appreciate everything I have left in life and see great things for this unit. I'm not going to ignore the elephant in the room. I had a large amount of sick time used this year.  From Apr - Aug it was real bad. I was diagnosed with carpal tunnel and it was as simple as getting a cortizone shot to cure it...who knew.  I assure you I did the best I could given the circumstances I was dealing with. With life settled down now, I'm stronger and I'm more focused than ever. Extremely focused now. Make no mistake about it. This posiion requires a self-motivated, tenacious officer who doesn't need supervision, who isn't afraid to talk to supervisors about problems that arise, someone who is not worried about peer-pressure, who has a proven career record of hard thorough work, who is not lazy, who is not sloppy, someone with integrity, extreme focus, someone who isn't afraid to say "no" when it's the proper thing to do, who loves paperwork, who dots ever i and crosses every t. So in summary, the #1 reason for keeping me is we can all sleep at night knowing the money is exactly where it should be and none of us are going to jail on federal charges of misappropriated funds.  I keep impeccable records to ensure the integrity of all the accounts, all the computer programs and all the paperwork for the case files and expenditures. I get along very good with the other officers and enjoy working with them when time permits.Ya all know where I come from. I was raised in the country. It's an open and honest way of life. It's who I am and what defines me. No matter what happens I will always have my integrity. We balance to the penny on all audits.  Every cent of the $11,016,741.04 yes that's $11,016,741.04 value of assets (of cash, cars, TV's, houses) and impounds... Every cent is accounted for that I have been responsible for overseeing. And we actually have $4000 more in an overage account (that $ doesn't exist on paperwork) Oh + for the record, for the last 9 months this is the earliest I have ever been to work in my entire career. + So be it... questions for me?

## Re: time Sensitive re Forfeiture Questions

Donna Nicholson <DNicholson@ci.peoria.il.us>
Thu 11/10/2011 2:36 PM

To: Steve Settingsgaard <SSettingsgaard@ci.peoria.il.us>;

No I cannot cite a one. Every single training I am at for asset forfeiture, state or federal, they go to great detail to tell us examples like Chief's going to Disneyland with asset forfeiture money, people using it for personal gain, cities buying things that they were not supposed to and those same people being indicted and sent to prison. Lt. Burke said the Springfield Mayor just committed suicide over such a thing and the Illinois State Police just got their federal spending approval back from a corrupt politician.



>>> Steve Settingsgaard 11/10/2011 2:29 PM >>>
You mentioned agencies or individuals that have gotten caught up in inappropriate uses. Any chance you can cite specifics, especially with a link to an article?

>>> Donna Nicholson 11/10/2011 2:26 PM >>>
Absolutely not. It is supplanting the budget because there are officers laid off. Someone will go to prison over that.

>>> Steve Settingsgaard 11/10/2011 2:21 PM >>>
Donna, take a look page 19 of the Guide to Equitable Sharing, under (2) (a) (3). This seems to contradict the information I received below from Kimlin Gonzalez. She said it is impermissible to pay. Based upon what I read in the Guide, we could fund resident officer positions for up to 1 year. Please review.

>>> "Mumaw, Stacy A." <Stacy.A.Mumaw@usdoj.gov> 11/9/2011 3:11 PM >>>

Here are the answers to your questions. KimLin Gonzalez is in permissible use and our go to person for any questions regarding federal forfeiture funds. If you need anything else from us please let us know. Both KimLin and Jovan are great help regarding the use of funds. I hope this helps! Stacy

**From:** Gonzalez, Kimlin [mailto:Kimlin.Gonzalez@usdoj.gov]
**Sent:** Wednesday, November 09, 2011 2:59 PM
**To:** Ware, Jovan
**Cc:** Mumaw, Stacy A.
**Subject:** RE: Forfeiture Questions

Hi Jova,

You are correct. The below request to use equitably shared funds to purchase a home for the live in neighborhood officer and pay for the salary and benefits of that officer is impermissible. The purchase of a home for an officer to live in is personal gain and provides the appearance of impropriety. Further, salaries and benefits are an impermissible expenditures. There are limit exceptions; in which, the below does not fall under any of the exception.

If you have any further questions please let me know. Thank you!

Kimlin Gonzalez
Asset Forfeiture & Money Laundering Section,
Criminal Division
U.S. Department of Justice- FSA
Phone: (202) 307-2096
Fax: (202) 616-1344

**From:** Ware, Jovan
**Sent:** Wednesday, November 09, 2011 3:47 PM
**To:** Gonzalez, Kimlin
**Cc:** Mumaw, Stacy A. (DEA-US)
**Subject:** RE: Forfeiture Questions
**Importance:** High

-No problem Stacy, you're welcome. J

-Hi Kim,

The email Stacy forwarded are some questions that Peoria PD in IL has regarding permissible use. I'm 95% they may be impermissible but wanted to pass by you first. When you get a chance, can you please respond? Thanks so much.

Jovan

Jovan Ware
Records Examiner
U.S. Department of Justice/FSA
Asset Forfeiture & Money Laundering Section
Email: jovan.ware@usdoj.gov
Office#: 202-307-2257 - Fax#: 202-616-1344
website: www.justice.gov/criminal/afmls
States: IL, ME, MI, MN, PR, UT, VA, VI, VT, WA, WI, WV, WY

**From:** Mumaw, Stacy A. [mailto:Stacy.A.Mumaw@usdoj.gov]
**Sent:** Wednesday, November 09, 2011 3:40 PM
**To:** Ware, Jovan; Gonzalez, Kimlin
**Subject:** FW: Forfeiture Questions

Hi Jovan-

Here are the questions that you and I talked about if you could get help me out that would be great! Thanks so much, Stacy.

**From:** Thomas Burke [mailto:TBurke@ci.peoria.il.us]
**Sent:** Friday, November 04, 2011 9:56 AM
**To:** Mumaw, Stacy A.
**Subject:** Forfeiture Questions

Stacy-

The first paragraph and questions 1 & 2 are what Captain Mitchell forwarded me. I've posed a couple more in the following paragraph.

This past Tuesday at the council meeting, several councilmen had questions for the Chief regarding the use of asset funds to cover costs associated with establishing a new "residential officer" program referring to one the City of Elgin has undertaken. Tom, I realize that both the Chief and I have spoken with you about this issue just yesterday. I do have a copy of the guidelines you gave me as well. However, the Chief needs to get a definitive answer to the following specific questions and be able to say from what authority or source the answer came from. Please direct Officer Nicholson or designee to follow up on this issue and provide me with a written response to the listed questions. Thank you.

1. Can Federal asset forfeiture funds be used to purchase and rehab a residential home for the purpose of allowing an officer to live in as a neighborhood officer?
2. Can Federal asset forfeiture funds be used to pay the salary and benefits of an officer designated to live in a residence while serving in the above listed capacity?

An example of the residential officer program is Elgin PD's ROPE (resident officer). Peoria still has three officers on layoff but if we did not have anyone on layoff, is it permissible to use the Federal Forfeiture Funds to take care of questions 1 & 2 and what length of time can we continue to use Federal Forfeiture Funds to pay the officer's salary and benefits.

Thank you for all of your help.

Notice: E-mail to or from City staff may be subject to disclosure pursuant to the Illinois Freedom of Information Act.

## Re: Sorry about all this

Donna Nicholson <DNicholson@ci.peoria.il.us>
Thu 11/10/2011 4:15 PM

To:Steve Settingsgaard <SSettingsgaard@ci.peoria.il.us>;

I am starting to read it now. Give me a bout 15 mins and I will get back to you.

>>> Steve Settingsgaard 11/10/2011 4:13 PM >>>
When you look my report over, look at the last sentence and let me know if I stated this truthfully and accurately and if there is a better way to say what I am trying to say, please suggest it.

>>> Donna Nicholson 11/10/2011 4:06 PM >>>
There are internal controls on the audits. Jim Scroggins knows these accounts just like me.
We are audited 4 times a year with both federal and state from our own finance dept. internally.



We are audited yearly with the federal government. As far as I know, the state only sends auditors if I, or someone else, report misuse. There really is something called **Asset Forfeiture Code of Ethics**. I believe that falls directly on my shoulders. As it should. I invite at anytime an audit for every dollar that has ever crossed this desk on paper or in cash. And yes, we have always been compliant and balanced since I have been in this position.

>>> Steve Settingsgaard 11/10/2011 3:54 PM >>>
I hate this last minute question and answer routine as well but I don't have much choice. I appreciate your hustling to help me.



Hopefully this is my last question. I assume the Feds and the State have audited our asset forfeiture accounts and expenditures? Do you know the last time for each? Were we always found to be in compliance?
>>> Donna Nicholson 11/10/2011 3:17 PM >>>
Officers cannot "live" at the house. It cannot be residentially zoned.

Yes, if we are back to numbers w/o layoffs then ( up to one year ) you can ask Washington D.C. for approval on a salary.

I totally understand we have no choice but to be honest. I wouldn't have it any other way. There is hardly any money going to be left in the Federal account by the end of the next 6 months.


>>> Steve Settingsgaard 11/10/2011 3:00 PM >>>
Donna, if I'm following you, the only reason we can't fund this new program is because officers are on lay off. If and when those officers are called back, we could add position(s) under Fed guidelines. I see this pretty specifically stated and allowed as an exception. The house, no, but the officer yes. Agree? And trust me, I am hoping for greater limitation not less but I have to be honest and if it is true, I have to tell them that we are only held back by the layoff status.

Why would the feds say that it is impermissible to create a new job, pay for it with AF, and bring an officer back from layoff; and permissible to create a new job, pay for it with AF, and hire brand new?

Are we absolutely sure? Can you ask the authority: if the new position (which is a specialty program) increases the size of our sworn strength, and the new position is paid for out of AF, and an officer on layoff is brought back to work as a result and fills the void left by the officer who is transferred to the specialty program, if that is still supplanting?

>>> Donna Nicholson 11/10/2011 2:30 PM >>>
I already have handled this. Please see e-mail below:

>>> Donna Nicholson 11/9/2011 11:21 AM >>>
Just got off the phone with Washington D.C.

No monies can be spent on any salary if we have officers laid off. That is supplanting the budget. No monies can be used in any shape or form to house an officer privately anywhere. The two cannot be combined.


>>> Thomas Burke 11/4/2011 9:55 AM >>>
Stacy-

The first paragraph and questions 1 & 2 are what Captain Mitchell forwarded me. I've posed a couple more in the following paragraph.

This past Tuesday at the council meeting, several councilmen had questions for the Chief regarding the use of asset funds to cover costs associated with establishing a new "residential officer" program referring to one the City of Elgin has undertaken. Tom, I realize that both the Chief and I have spoken with you about this issue just yesterday. I do have a copy of the guidelines you gave me as well. However, the Chief needs to get a definitive answer to the following specific questions and be able to say from what authority or source the answer came from. Please direct Officer Nicholson or designee to follow up on this issue and provide me with a written response to the listed questions. Thank you.

1. Can Federal asset forfeiture funds be used to purchase and rehab a residential home for the purpose of allowing an officer to live in as a

   neighborhood officer?
2. Can Federal asset forfeiture funds be used to pay the salary and benefits of an officer designated to live in a residence while serving in the above listed capacity?

An example of the residential officer program is Elgin PD's ROPE (resident officer). Peoria still has three officers on layoff but if we did not have anyone on layoff, is it permissible to use the Federal Forfeiture Funds to take care of questions 1 & 2 and what length of time can we continue to use Federal Forfeiture Funds to pay the officer's salary and benefits.

Thank you for all of your help.

Donna,

Chief Settinsgaard needs a thorough report detailing the answers to the following and the answers must be correct since it will be provided to the City Council as directed. The Chief could attach a copy of the actual guidelines/laws for the Council to review but a synopsis is needed as well. This Chief needs this information by 5 PM or sooner. Also, he needs a separate answer for Federal (PDAFF) and State (STAFOR) for the following questions:

1. What does the law say as to who has the authority to spend asset forfeiture funds?
   Under federal law, the Chief Law Enforcement Officer is responsible for approval and spending of expenditures.

   Under state law, the language states the seizing law enforcement agency (and the Director of the State Police – There is a Department of Professional Regulation).

2. What (in brief summary) does the law say as to what the funds can be spent on?
   Federal law guidelines provide money can be spent on law enforcement, in general, but never supplant the budget. Administrators in other communities have been sent to federal prison for spending this money illegally.



   State law 720ILCS 570/505 (g) (1) ...Amounts distributed to the agency or agencies shall be used for the enforcement of laws governing cannabis and controlled substances... 100% of money can only be spent on drug expenses without supplanting the budget. A few years ago, they did open up seized vehicles to be used by other divisions of law enforcement officers, however, the maintenance could not come from the fund. Administrators in other communities have been sent to state prison for spending this money illegally.

3. What does the law say as to who cannot spend the funds? In other words, can a City Council or City Manager spend the funds? Can a City Council or City Manager direct that the Chief spend funds on a given use?
See answer to #1. The Chief is responsible.

4. What does the law say about supplanting the budget?
Under no circumstances can asset forfeiture money supplant the budget under federal law.
 Under state law forfeited funds are not intended to be an alternative means of funding the administration of criminal justice.

5. Provide a list of everything we have bought since May of 2005, and what our current balances are?
   See attached.

6. What about Elgin's ROPE program through STAFOR??
I have left 4 messages for Elgin – last one yesterday. The gal called me back once Friday and left a voice mail.

The Chief was told at the IACP by another Illinois chief that STAFOR has been relaxed recently. That Chief is now driving a vehicle confiscated through STAFOR and said STAFOR's relaxed standards allow him now to do this and he wasn't playing the old "I'm the Chief so therefore I am the head of the drug unit" game. I don't want to make an assumption about STAFOR without actual research.
Yes. That chief can do that. See answer number #2.

## Fwd: Re: Forfeiture Questions

Donna Nicholson <DNicholson@ci.peoria.il.us>

Thu 11/10/2011 3:17 PM

Sent Items

To:Steve Settingsgaard <SSettingsgaard@ci.peoria.il.us>;

Officers cannot "live" at the house. It cannot be residentially zoned.

Yes, if we are back to numbers w/o layoffs then ( up to one year ) you can ask Washington D.C. for approval on a salary.



I totally understand we have no choice but to be honest. I wouldn't have it any other way. There is hardly any money going to be left in the Federal account by the end of the next 6 months.

>>> Steve Settingsgaard 11/10/2011 3:00 PM >>>
Donna, if I'm following you, the only reason we can't fund this new program is because officers are on lay off. If and when those officers are called back, we could add position(s) under Fed guidelines. I see this pretty specifically stated and allowed as an exception. The house, no, but the officer yes. Agree? And trust me, I am hoping for greater limitation not less but I have to be honest and if it is true, I have to tell them that we are only held back by the layoff status.

Why would the feds say that it is impermissible to create a new job, pay for it with AF, and bring an officer back from layoff; and permissible to create a new job, pay for it with AF, and hire brand new?

Are we absolutely sure? Can you ask the authority: if the new position (which is a specialty program) increases the size of our sworn strength, and the new position is paid for out of AF, and an officer on layoff is brought back to work as a result and fills the void left by the officer who is transferred to the specialty program, if that is still supplanting?



>>> Donna Nicholson 11/10/2011 2:30 PM >>>
I already have handled this. Please see e-mail below:

>>> Donna Nicholson 11/9/2011 11:21 AM >>>
Just got off the phone with Washington D.C.

No monies can be spent on any salary if we have officers laid off. That is supplanting the budget. No monies can be used in any shape or form to house an officer privately anywhere. The two cannot be combined.


>>> Thomas Burke 11/4/2011 9:55 AM >>>
Stacy-

The first paragraph and questions 1 & 2 are what Captain Mitchell forwarded me. I've posed a couple more in the following paragraph.

This past Tuesday at the council meeting, several councilmen had questions for the Chief regarding the use of asset funds to cover costs associated with establishing a new "residential officer" program referring to one the City of Elgin has undertaken. Tom, I realize that both the Chief and I have spoken with you about this issue just yesterday. I do have a copy of the guidelines you gave me as well. However, the Chief needs to get a definitive answer to the following specific questions and be able to say from what authority or source the answer came from. Please direct Officer Nicholson or designee to follow up on this issue and provide me with a written response to the listed questions. Thank you.

1. Can Federal asset forfeiture funds be used to purchase and rehab a residential home for the purpose of allowing an officer to live in as a neighborhood officer?
2. Can Federal asset forfeiture funds be used to pay the salary and benefits of an officer designated to live in a residence while serving in the above listed capacity?

An example of the residential officer program is Elgin PD's ROPE (resident officer). Peoria still has three officers on layoff but if we did not have anyone on layoff, is it permissible to use the Federal Forfeiture Funds to take care of questions 1 & 2 and what length of time can we continue to use Federal Forfeiture Funds to pay the officer's salary and benefits.

Thank you for all of your help.

# Re: Elgin PD

Donna Nicholson <DNicholson@ci.peoria.il.us>
Thu 11/10/2011 5:13 PM

To:Steve Settingsgaard <SSettingsgaard@ci.peoria.il.us>;

Cross that bridge if we have to later.

>>> Steve Settingsgaard 11/10/2011 5:10 PM >>>
I don't disagree with Elgin PD's suggestion not to use AF for this but unfortunately I disagree that it doesn't meet the guidelines. If we had no one on lay off, it seems that this program would qualify and actually fits quite nicely in the salary and benefits exception for "Specialized Programs." I would love to be wrong about that.

>>> Donna Nicholson 11/10/2011 5:00 PM >>>
Just got a call from Elgin PD. They have 5 Rope houses. All houses were paid by the City. All officers are paid by the City. They said they would not suggest spending any money out of Asset Forfeiture for this because it does not meet the guidelines.